RAMÍREZ *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of
Mayagüez.

No. 90.—Decided March 16, 1911.

RECORD—OWNER OF REAL PROPERTY—CANCELLATION.—For the purposes of the
Mortgage Law the owner of the real property or property right is considered
to be the person who has the same recorded in his favor in the registry.
Therefore, upon the presentation for record of a deed of assignment or can-
cellation of a mortgage credit recorded in favor of a person other than the
ones executing said deed of assignment or cancellation, the record thereof
must be refused, although such conveyance or cancellation be of a date prior
to that of the instrument which gave rise to the record of the credit in favor
of said person.

The facts are stated in the opinion.

The appellant appeared in his own behalf.

MR. JUSTICE ALDREY delivered the opinion of the court.

By deed of November 5, 1890, Teodoro Forestier bought
of the sisters, María Antonia and Isabel Cuebas Mangual, a
rural estate. The price thereof—2,600 *pesos*—was to be paid
in several instalments, for which he constituted a mortgage
in favor of the vendors, said encumbrance being recorded
under the date of September 5, 1896, on folio 224, reverse,
estate number 1225, record 3, volume 32, of the city, in the
Registry of Property of Mayagüez.

Teodoro Forestier sold said estate to José Macías Irizarri
by deed of April 9, 1895, and in the fourth record, to which
the same gave rise, there appears in the section of encum-
brances of said record the following:

"It appears, subject to the encumbrances resulting from the pre-
vious records, and although in the document of sale giving rise to this
record it is stated that by deed of April 6, 1895, the encumbrance
which, according to Forestier's title, was imposed upon said estate to
secure the price thereof has been wholly canceled, it does not appear
from the registry that said cancellation has been recorded."

According to the fifth record José Macías sold said estate to Guillermo Quiñones, by deed of October 26, 1896; and by the death of the latter it became the property of his widow, Josefa Rosado, through adjudication made in her favor by deed of January 8, 1908, according to the sixth record, she leasing it to Blas Ramírez for a term of five years, according to the seventh record upon deed of October 24, 1908.

As to the mortgage credit, after the third record in favor of the sisters, Cuebas Mangual, nothing new appears from the registry until the tenth record, which is to the effect that Ramón Irizarri Ursulich had acquired by inheritance from his son, Victor Ramón Irizarri Cuebas, an indeterminate interest that the latter had in the mortgage credit for 2,600 *pesos* of the money current at the time of its constitution.

The eleventh record, of June 3, 1910, was made in view of the deed of May 4 of the same year, from which it appears that in the suit prosecuted in the Municipal Court of Mayagüez by Rogelio Martínez Castro against Ramón Irizarri and María Antonia Cuebas de Irizarri, the plaintiff had obtained judgment against the defendants for a certain sum of money, and in compliance with a writ of execution the marshal of said court, at the indication of the plaintiff, had attached all the right, title, or interest the defendants might have in the mortgage credit for 2,600 *pesos* constituted by Teodoro Forestier, of which we have made mention, and announced the judicial sale thereof, in which Rogelio Martínez was the only bidder and to whom said mortgage credit was adjudicated for the sum of $500, offered by him, the marshal executing the proper deed in his favor.

Four months after the record in favor of Martínez— that is, on October 18, 1910—there was presented at the registry the deed of April 6, 1895, wherein, according to cautionary notice letter B, Domingo Escott, as managing partner of the firm of J. D. Barbena & Co., and, moreover, as attorney in fact for Mr. and Mrs. Ramón Irizarri, declares that of the mortgage constituted by Forestier in favor of the sis-

ters, Cuebas Mangual, to which the third record refers, the first three instalments had been paid by the debtor to his creditors at their respective maturities; that another instalment for the year 1892 had been assigned by María Antonia Cuebas and Ramón Irizarri—the latter in his capacity as heir to his son, Victor Ramón, had by Isabel Cuebas—to the firm of J. D. Barbena & Co., according to public instrument; and as Forestier had satisfied the instalment assigned to them, the Messrs. J. D. Barbena & Co. had executed to him a deed of cancellation under date of May 10, 1893; that by another deed of May 10, 1892, the creditors, Mrs. Cuebas and Mr. Irizarri, had assigned the two instalments maturing in 1893 and 1894 to Tomás Grau, who, in turn, had assigned them, on July 26, 1894, to aforesaid firm, wherefore Domingo Escott, in his capacity as attorney in fact for Mr. and Mrs. Irizarri and as partner of J. D. Barbena & Co., canceled in full the aforesaid mortgage.

The above-mentioned document was refused admission to record by the registrar on November 16, 1910, because of the defect that the mortgage credit therein canceled is not recorded in the name of Mr. and Mrs. Irizarri nor in that of the Messrs. J. D. Barbena & Co., but in favor of Rogelio Martínez y Castro; he entered a cautionary notice of cancellation to have effect during 120 days, and noted also the curable defect of having omitted to present for their classification the documents establishing Escott's representation.

All the foregoing statements appear in a certificate issued by said registrar with reference to his books.

Some time afterwards the following notarial documents were presented at the registry:

(a) Deed of March 8, 1892, whereby María Antonia Cuebas, unmarried, and Ramón Irizarri, a widower, the former in her own right and the latter as heir to his son, Victor Ramón, had by Isabel Cuebas, deceased, from whom her son had inherited, assigned and conveyed to the firm of J. D.

Barbena & Co. an instalment for $500, due in December of that year, proceeding from Forestier's mortgage debt.

This document was refused admission to record on February 9 of the current year, cautionary notice letter C being entered in lieu thereof, because of the defect that the entire credit was recorded in favor of Rogelio Martínez Castro, a person different from the assignors, and because the credit had been provisionally canceled, and also owing to the curable defect of not specifying the boundaries of the estate.

(b) Another notarial copy of the deed of April 13, 1891, whereby the firm of J. D. Barbena & Co. renew their partnership for three years more. To this document the registrar referred in cautionary notice letter C.

(c) Deed of May 10, 1893, wherein the firm of J. D. Barbena & Co., through their managing partner, Domingo Escott, declare that by deed of May 8, 1892, which is exhibit letter A, María Antonia Cuebas and Ramón Irizarri, the latter as heir to his son, had assigned to said firm an instalment for $500, due in December, 1892, of their mortgage credit against Forestier, proceeding from the sale on instalments made in 1890; and as Forestier had paid the firm the $500 of the assigned instalment, they execute to him a deed of acquittance and assent to the partial cancellation of the mortgage for such instalment.

The registrar refused to record the aforesaid document on February 9 of the current year, and in lieu thereof entered a cautionary notice based upon the reasons stated with reference to exhibit letter A.

In view of the decision of the registrar, noted at foot of these three documents, Blas Ramírez, on February 17 last, took an appeal therefrom, praying that said decision be reversed and the registrar directed to record the assignment and cancellation of the mortgage credit to which said documents refer.

The question raised by the present appeal is whether the registrar should record in favor of J. D. Barbena & Co. the

assignment of an instalment of the mortgage credit against Forestier made to them in 1892 by María Antonia Cuebas and Ramón Irizarri, as also the deed of acquittance and partial cancellation of the mortgage which the assignee firm had executed on May 10, 1893, with reference to said instalment, notwithstanding the fact that when these documents were presented at the registry the full amount of the mortgage credit was already recorded in favor of Rogelio Martínez.

Inasmuch as when the three above-mentioned documents were presented at the registry it appeared from the books of the latter that the mortgage credit no longer belonged to María Antonia Cuebas and Ramón Irizarri, but exclusively to Rogelio Martínez, in whose name it was recorded, and who, therefore, was the mortgage creditor, since, pursuant to the Mortgage Law, he only is owner who has recorded his right, the registrar properly refused to make the desired records, because any deed of assignment or acquittance not executed by the person who, according to the books of the registry, is owner of the mortgage credit, cannot be admitted to record, under article 17 of the Mortgage Law, even though such conveyance and cancellation should have been made prior to the document recorded at the registry.

The legal precept cited is conclusive upon this point, it being based on the maxim *prior in tempore, potior in jure,* which precluded the record applied for by the appellant, for, even supposing that at the time of their execution these documents could and should have been recorded, the assignor forfeited, according to the registry, his right of ownership, since no record can be entered to the prejudice of the person who hastened to secure his right.

Therefore, so long as the record of Rogelio Martínez remains uncanceled there will be a legal obstacle to the records applied for.

For the foregoing reasons we are of the opinion that the decision of the registrar refusing to admit to record the three deeds in question should be affirmed.                    *Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary took no part in the decision of this case.